UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**EMMANUEL O. ROBINSON,**

      **Petitioner,**

v.

                              Civil Action No. 2:20-cv-163

**J. ANDREWS, Warden,**
**FCC Petersburg,**

      **Respondent.**

## REPORT AND RECOMMENDATION

This petition for federal habeas relief under 28 U.S.C. § 2241 arises out of a disciplinary proceeding that resulted in, among other things, a loss of twenty-seven days of good conduct time ("GCT"). Petitioner Emmanuel O. Robinson ("Petitioner"), a federal inmate currently incarcerated at Federal Correctional Institution Petersburg Medium, alleges that the Federal Bureau of Prisons ("BOP") violated his right to due process by failing to provide him with a copy of the Discipline Hearing Officer ("DHO") report in a timely manner after the proceedings against him. He seeks expungement of the incident report at issue and restoration of the GCT. Respondent J. Andrews ("Respondent") filed a Motion to Dismiss, ECF No. 6, which the court has converted into a Motion for Summary Judgment.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the assigned district judge referred the motion to me for a report and recommendation. For the reasons that follow, I conclude that Petitioner's due process claim lacks merit and thus recommend that the court GRANT Respondent's Motion.

## I. Statement of the Case

### A. Procedural History and Conversion to Summary Judgment

Respondent originally moved to dismiss Robinson's petition. In support of its motion, Respondent relied on the declaration of a DHO secretary, Jillian Anspach, which included a copy of the incident report, a copy of the DHO report, and BOP administrative remedy records related to Petitioner. See Anspach Decl. & Attachs. 1-6 (ECF No. 7-1).

The court may consider this declaration and its attachments without converting the Motion to Dismiss to one for summary judgment only if the documents are "integral to and explicitly relied on in the complaint," and if Petitioner does not dispute their authenticity. Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606-07 (4th Cir. 2015) (quoting Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004)); see Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). In this case, Petitioner did not include a copy of the incident report, though he did include his disciplinary record, which reflects the March 29 incident. Pet. (ECF No. 1, at 31). Furthermore, the incident report is explicitly relied on and integral to the Petition.

However, courts in the circuit generally find that the other documents attached to the Anspach Declaration – including the delayed DHO report, which was not available when the petition was filed – are outside the pleadings and thus not appropriately considered on a motion to dismiss. See Ortega v. Fed. Bureau of Prisons, No. 1:19-cv-747, 2020 WL 1865068, at *1 (E.D. Va. Apr. 14, 2020); Clark v. Mosley, No. 6:17-cv-219, 2017 WL 4990537, at *1 n.1 (D.S.C. Sept. 25, 2017), R. & R. adopted, 2017 WL 5027347 (D.S.C. Sept. 25, 2017); Sillah v. Ratledge, No.

7:16-cv-100, 2016 WL 6956658, at *1 n.1 (W.D. Va. Nov. 28, 2016); Mack v. Wilson, No. 1:14-cv-259, 2015 WL 1011392, at *1 n.1 (E.D. Va. Mar. 4, 2015). But see Graham v. Stewart, No. 8:16-cv-2578, 2017 WL 3995536, at *3 n.5 (D. Md. Sept. 8, 2017) (finding that similar materials, though not provided by the petitioner, were incorporated by reference in the petition). Because Respondent did not move in the alternative for summary judgment and I believed it necessary to consider these materials, the court converted the Respondent's Motion to Dismiss to a Motion for Summary Judgment and provided the appropriate notice pursuant to Federal Rule of Civil Procedure 12(d). (ECF No. 11). See Sillah, 2016 WL 6956658, at *1, n.1; Canada v. Ratledge, No. 7:15-cv-360, 2016 WL 5719808, at *1 n.2 (W.D. Va. Oct. 3, 2016); Rodriguez v. Zych, No. 7:15-cv-82, 2016 WL 589713, at *1 n.1 (W.D. Va. Feb. 11, 2016); Rodriguez-Valdez v. Wilson, No. 3:13-cv-385, 2015 WL 222172, at *1 (E.D. Va. Jan. 14, 2015). No party responded to the notice with additional materials. Accordingly, the Motion is ripe for review with the supplemental materials included.

**B.     Overview of the BOP Inmate Disciplinary Process**

The BOP has administrative and rulemaking authority over federal prisons pursuant to Congressional delegation. See 18 U.S.C. § 4001 et. seq. Among the BOP's statutory duties is to "provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). The BOP's Inmate Discipline Program and its associated administrative appeal process are set out in the Code of Federal Regulations. See 28 C.F.R. §§ 541.1 et. seq., 542.10 et. seq.

When BOP staff have a reasonable belief that an inmate has violated the BOP disciplinary code, they prepare an incident report and provide a copy to the inmate, usually within twenty-four hours of the incident. The incident report contains a written description of the charges against the

inmate. 28 C.F.R. § 541.5(a). A staff member then investigates the incident and forwards all relevant information to the Unit Disciplinary Committee ("UDC") for an initial hearing. 28 C.F.R. §§ 541.5(b), 541.7.

The UDC reviews any evidence presented at the hearing either by prison staff or the inmate. The UDC can (1) find that the inmate committed the prohibited act as charged or a similar act if reflected in the incident report; (2) find that the inmate did not commit the prohibited act as charged; or (3) refer the incident report to the Discipline Hearing Officer based on the severity of the charged acts. 28 C.F.R. § 541.7.

If the UDC refers the incident report to the DHO, the inmate is advised of his or her rights and provided an opportunity to designate a staff representative for assistance at the hearing. Inmates may also provide the names of witnesses they wish to have called and a description of what testimony they expect the witnesses to provide. At the hearing, inmates are entitled to make statements and present documentary evidence on their own behalf. The DHO considers all the evidence presented and determines whether the inmate committed the charged prohibited act. 28 C.F.R. § 541.8.

The DHO then prepares a report of the proceedings. By regulation, the report need not be verbatim but must include: (1) whether the inmate was advised of his or her rights during the DHO process; (2) the evidence the DHO relied on; (3) the DHO's determination; (4) the sanction imposed; and (5) the reasons for the sanction imposed. 28 C.F.R. § 541.8(h). Inmates are also advised of their right to appeal through the Administrative Remedy Program. 28 C.F.R. § 541.8(i).

The Code of Federal Regulations does not specify a time limit for delivery of the DHO report to the inmate. It only says that inmates will receive a copy "following the hearing." 28 C.F.R. § 541.8(h). The associated implementing instructions in the Program Statement for the

Inmate Discipline Program say that the DHO provides the inmate with a copy "ordinarily within 15 work days of the decision." Federal Bureau of Prisons, Inmate Discipline Program: Program Statement, Policy No. 5270.09 ("BOP Program Statement 5270.09"), at 34.

Administrative appeals from DHO decisions bypass the institutional level and are submitted to the Regional Director. 28 C.F.R. § 542.14(d)(2). Such appeals must be "accompanied by one complete copy or duplicate original of the institution Request and response." 28 C.F.R. § 542.15(b)(1). A petitioner has twenty days following receipt of the DHO report to submit a regional appeal. Taylor v. Ormond, No. 2:18-cv-248, 2019 WL 4198628, at *4 (E.D. Va. June 6, 2019) (citing 28 C.F.R. § 542.15(a)), R. & R. adopted, 2019 WL 4195341 (E.D. Va. Sept. 4, 2019). An inmate may then appeal the Regional Director's decision to the General Counsel (Central Office) within "30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a). The General Counsel is the highest level of administrative appeal. Id.

### C. Factual Background of Robinson's Disciplinary Proceedings

On March 29, 2019, Petitioner was issued an incident report charging he violated BOP disciplinary code 224 (assault without serious injury). Pet. (ECF No. 1, at 2, 31); Anspach Decl. Attach. 1 (ECF No. 7-1, at 10-12). According to the incident report, on March 29, 2019, prison staff reviewed its camera system and saw Petitioner grab his visitor, Shanta Robinson, by the waist and throw her to the ground, resulting in her falling onto a child who was visiting along with Mrs. Robinson. Anspach Decl. Attach. 1 (ECF No. 7-1, at 10). The incident report was not delivered to Petitioner until April 25, 2019, due to a stay in the disciplinary process while the Federal Bureau of Investigation considered potential prosecution, which it ultimately declined. Id., at 10-12.

Respondent alleges that during the investigation of the incident report, Petitioner was read and acknowledged his rights, but he declined to call any witnesses, have a staff representative, or

5

make any statements regarding the charged offense. Resp't's Mem. Supp. Mot. Dismiss ("Resp't's Mem.") 2 (ECF No. 7). When asked if he assaulted Mrs. Robinson on March 29, Petitioner allegedly said "no." Id., at 3. On April 26, 2019, Petitioner appeared before the UDC, at which point he stated, "I don't have a comment." Id. The UDC then referred the matter to a DHO. Id. That same day, according to Respondent, Petitioner received a "Notice of Discipline Hearing before the DHO and an Inmate Rights at Discipline Hearing," which advised him of his rights at the hearing, and Petitioner acknowledged being advised of these rights. Id.

On May 9, 2019, Petitioner appeared before a DHO. Pet. (ECF No. 1, at 2); Resp't's Mem. 3. Petitioner waived his right to a staff representative and did not call any witnesses. Resp't's Mem. 3. When asked about the alleged violation, Petitioner stated, "I pushed her . . . I did not realize I pushed her that hard. I am sorry, I should have not put my hands on her in that way." Id. After considering the incident report and Petitioner's statement, the DHO found that Petitioner had committed the charged offense. Id., at 4. The DHO consequently sanctioned the Petitioner with a loss of 27 days of GCT, 90 days loss of telephone privileges, 180 days loss of visitation privileges, and 15 days of disciplinary segregation. Pet. (ECF No. 1, at 2); Resp't's Mem. 4; Anspach Decl., Attach. 5.

The DHO did not complete her report until February 7, 2020, due to personnel shortage and case backlog. Resp't's Mem. 4. On March 30, 2020, Petitioner filed the instant petition alleging due process violations. Pet. (ECF No. 1, at 2). Specifically, Petitioner claims that the BOP denied him due process by failing to provide him a copy of the DHO report within fifteen workdays of the decision because it "prevented [him] from appealing the finding of guilt and the underlying procedural and factual issues of the incident." Pet. (ECF No. 1, at 6).

According to Respondent, Petitioner received the DHO report on May 20, 2020, and was notified that he could appeal the DHO's findings through the BOP's Administrative Remedy Procedures within twenty calendar days. Resp't's Mem. 4; Anspach Decl. Attach 5 (ECF No. 7-1, 20-22). However, Petitioner never filed an appeal after receiving the DHO report. Respt's Mem. at 5.

On June 25, 2020, Respondent moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), arguing that the petition should be dismissed as moot because Petitioner received a copy of the DHO report and had the opportunity to appeal the DHO's sanctions; therefore, he was not prejudiced by the delay in receiving the report. Id., at 10-13. Respondent further argues that the petition should be dismissed because Petitioner has failed to exhaust his administrative remedies after receiving the DHO report. Id., at 13-15. I agree that Petitioner has failed to state a due process claim and thus recommend that the court grant summary judgment on that ground.

## II. Analysis

### A. Exhaustion

Ordinarily, federal prisoners must exhaust their administrative remedies prior to filing federal habeas petitions. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam); see also Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Administrative exhaustion serves two main purposes. First, it "protects 'administrative agency authority.'" Woodford v. Ngo, 548 U.S. 81, 89 (2006) (quoting McCarthy v. Madigan, 503 U.S. 140, 145 (1992)). Requiring exhaustion ensures that agencies have an opportunity to correct mistakes in their own programs and promotes adherence to agency procedure. See id. Second, because "[c]laims generally can be resolved much more quickly and

economically in proceedings before an agency than in litigation in federal court," exhaustion preserves judicial efficiency. Id.

Proper exhaustion requires compliance with the administrative procedures that govern the review process. Taliaferro v. Ormond, No. 3:18-cv-579, 2020 WL 479183, at *2 (E.D. Va. Jan. 29, 2020) (citing Woodford, 548 U.S. at 90); Lopez v. Ormond, No. 2:18-cv-322, 2019 WL 3365850, at *3 (E.D. Va. June 18, 2019), R. & R. adopted, 2019 WL 3366554 (E.D. Va. July 24, 2019); see also Jones v. Bock, 549 U.S. 199, 218 (2007) (stating that the prison's requirements "define the boundaries of proper exhaustion"). However, because the exhaustion requirement in habeas actions under § 2241 is judicially imposed and non-jurisdictional, courts may excuse the exhaustion requirement in limited circumstances. Lopez, 2019 WL 3365850, at *4 (citing cases); Larue v. Adams, No. 1:04-0396, 2006 WL 1674487, at *8 (S.D.W. Va. June 12, 2006) (adopting report and recommendation).

In the same vein, "a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question." Thompson v. Wilson, No. 2:15-cv-148, 2015 WL 5682856, at *3 (E.D. Va. Sept. 25, 2015) (quoting Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015)) (adopting report and recommendation); cf. Bacon v. Lee, 225 F.3d 470, 477 (4th Cir. 2000) ("Because we ultimately conclude that the assertedly defaulted claims are without merit, we will exercise our prerogative to decide Bacon's claims on the merits rather than on grounds of procedural default.").

Here, Petitioner claims that he attempted to exhaust before receiving the DHO report. Pet. (ECF No. 1, at 11, 17). Specifically, he submitted a regional appeal on June 19, 2019. Pet. (ECF

No. 1, at 2, 25).[1] In his appeal, Petitioner stated, "On 5/9/19 . . . I was found guilty of code 224[,] assaulting [without] serious injury . . . Between 5/9/2019 and 6/5/2019[,] I mailed several requests to the DHO requesting a copy of the DHO report . . . I never received a copy of the report and neither have I received any responses to my request." Pet. (ECF No. 1, at 25). However, the appeal was rejected on September 9, 2019, because Petitioner "did not provide a copy of the DHO report . . . or identify the charges and date of the DHO action." Pet. (ECF No. 1, at 2, 24). The rejection notice informed Petitioner that he could resubmit the appeal within ten days. Pet. (ECF No. 1, at 24).

Rather than resubmitting the regional appeal, Petitioner, relying on 28 C.F.R. § 542.17(c),[2] filed an appeal with the Central Office of the BOP on September 19, 2019. Pet. (ECF No. 1, at 3, 26). On November 5, 2019, that appeal was also rejected. Pet. (ECF No. 1, at 3, 30). The Central Office concurred with the rationale provided by the regional office. Pet. (ECF No. 1, at 30). Further, it reasoned that Petitioner forgot to sign a document and "submitted [his] request or appeal to the wrong level. [Petitioner] should have filed at the regional office." Id.

Petitioner eventually received the DHO report on May 20, 2020, along with notice of his right to renew his appeal, but he did not submit a regional appeal within twenty calendar days thereafter. Resp't's Mem. 15. Thus, Respondent argues that Petitioner has failed to exhaust his administrative remedies. Id. Disputes of fact preclude any clear finding with regard to exhaustion

---

[1] Pursuant to Federal Rule of Civil Procedure 10(c), the court may consider documents attached to the Petition. See Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007).

[2] Title 28, section 542.17(c) of the Code of Federal Regulations provides, in relevant part, "When a Request or Appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection . . . to the next appeal level." 28 C.F.R. § 542.17(c).

9

on the facts alleged. Petitioner has alleged that he complied with the BOP administrative procedures before receiving the DHO report, and the record at least partially supports that claim. However, in light of Petitioner's eventual receipt of the DHO report, and his failure to pursue any appellate remedy thereafter, his underlying due process claim lacks merit. As a result, the court need not resolve the exhaustion issue. See Thompson v. Wilson, No. 2:15cv148, 2015 WL 5682856, at *3 (E.D. Va. Sept. 25, 2015). Thus, I turn to Petitioner's due process claim.

**B.    Due Process[3]**

It is well established that a prisoner's good conduct time is a protected liberty interest under the Fifth Amendment. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Prisoners are therefore entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the . . . right is not arbitrarily abrogated." Id. Specifically, due process requires that a prisoner subject to a loss of GTC through disciplinary sanctions be afforded: (1) written notice of the disciplinary charges at least twenty-four hours in advance of the disciplinary hearing; (2) a neutral and detached hearing body; (3) the opportunity to call witnesses and present documentary evidence; (4) an opportunity for non-attorney representation if the inmate is illiterate or the disciplinary hearing is complex; and (5) a written statement provided by the fact finder(s) outlining the evidence relied upon and the reasons for the chosen course of disciplinary action. Id., at 563-67: see also Crawley v. Wilson, No. 2:11-cv-542, 2012 WL 2505118, at *4

---

[3] "Section 2241 habeas petitions are appropriate when an inmate seeks to challenge 'the very fact or duration of his physical imprisonment.'" Rodriguez v. Ratledge, 715 F. App'x 261, 266 (4th Cir. 2017) (per curiam) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Because deprivation of good conduct time has the functional effect of extending the length of incarceration, it is cognizable under § 2241. Id.

(E.D. Va. May 16, 2012). In addition, the BOP's findings must be "supported by some evidence in the record." Superintendent, Massachusetts Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985).

Here, the sole basis for Petitioner's due process claim is that the BOP failed to provide him a copy of the DHO report within fifteen work days after the DHO hearing, in violation of BOP Program Statement 5270.09. Pet. (ECF No. 1, at 2). By itself, however, such alleged conduct does not amount to a due process violation. "Although BOP policy provides inmates should receive their DHO Reports 'ordinarily within 15 work days of the decision,' 'the BOP's violations of its own policies do not amount to a due process violation.'" Reid v. Bolster, No. 2:19-cv-59, 2019 WL 7882562, at *3 (E.D. Va. Dec. 20, 2019) (citation omitted) (first quoting BOP Program Statement 5270.09; then quoting Bauer v. Warden FCI Williamsburg, No. 6:16-cv-304, 2017 WL 318683, at *2 (D.S.C. Jan. 23, 2017)), R. & R. adopted, 2020 WL 618826 (E.D. Va. Feb. 10, 2020); accord Shahan v. Ormond, No. 3:18-cv-200, 2018 WL 6681210, at *5 (E.D. Va. Dec. 19, 2018) (holding that BOP's alleged violation of Program Statement 5270.09 did not amount to due process violation).

Instead, to establish a due process violation, a prisoner must demonstrate that the delayed receipt of the DHO report prejudiced his ability to utilize the BOP's administrative appeal procedures. Reid, 2019 WL 7882562, at *3 ("When an inmate does not receive a DHO written decision within the proper timeframe, such a delay cannot serve as the basis for a successful habeas petition unless the inmate can show there was a prejudicial effect on the inmate's administrative appeal."); Shahan, 2018 WL 6681210, at *8 ("It is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay." (quoting Consolidation Coal Co. v. Borda, 171 F.3d 175, 183 (4th Cir. 1999))); see Griffin v. Ebbert, 640 F. App'x 181, 184 (3d Cir. 2016) (finding that eighteen-month delay in receiving DHO report did

11

not amount to due process violation because the petitioner could not establish any resulting prejudice); Staples v. Chester, 370 F. App'x 925, 930 (10th Cir. 2010) (rejecting argument that eight-month delayed receipt of DHO report "prejudiced [the petitioner's] ability to bring an administrative appeal"); Morris v. Wilson, No. 3:11-cv-360, 2012 WL 628612, at *4 (E.D. Va. Feb. 27, 2012) (holding that petitioner did not establish prejudice from nine-month delay because "the BOP afforded [the petitioner] the opportunity to appeal, and [he] took advantage of it").

Respondent states that Petitioner received the DHO report on May 20, 2020. Resp't's Mem. 4. After receiving the DHO report, Petitioner was permitted to utilize – and failed to utilize – the BOP's administrative appeal procedures. Id., at 4-5 (citing Anspach Decl. ¶ 15 (ECF No. 7-1, at 5)). The court previously indicated it intended to rely on these facts in resolving Robinson's claims, but he made no response. (ECF No. 11). In his original petition, Robinson argues that prejudice can result from delay, citing cases which describe "evidentiary prejudice" associated with long-delayed proceedings. Pet. (ECF No. 1, at 7-9) (citing e.g. A.C. Aukerman Co. v. RL Chaides Constr. Co., 960 F.2d 1020, 1035 (Fed. Cir. 1992)). But his analysis includes no facts suggesting prejudice in his case. He has not identified any allegedly unavailable evidence or other circumstance caused by the delay which would imply prejudice. Indeed – Robinson's well-crafted legal arguments appear to be a form pleading with little mention of his actual circumstances. Moreover, his petition was filed and argued prior to his receipt of the DHO report and its reopened window for appeal. When the court advised him that the DHO report appended to the Government's Motion would be considered, he made no further response. On these facts, Petitioner cannot show any prejudice resulting from the delay in receiving the DHO report. Absent prejudice, the Petition fails to allege a due process violation and the court should dismiss it.

### III. Conclusion and Recommendation

Because Petitioner fails to allege a violation of due process, I recommend that the court GRANT Respondent's Motion for Summary Judgment (ECF No. 6) and dismiss the petition with prejudice.

### V. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
September 28, 2020

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Emmanuel O. Robinson**
No. 76119-083
Federal Correctional Institution - Medium
P.O. Box 1000
Petersburg, Virginia 23804


and an electronic copy was provided to:

**Garry D. Hartlieb**
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510


Fernando Galindo, Clerk

By  /s/ Jaime Meyers
           Deputy Clerk

September 28    , 2020